STATE, EX REL. ATTORNEY GENERAL, *v.* BETTS.

4-8200                                              201 S. W. 2d 590

Opinion delivered April 28, 1947.

*Guy E. Williams,* Attorney General, and *Abe Collins,* for appellant.

*J. F. Quillin, George E. Steel* and *Hal L. Norwood,* for appellee.

GRIFFIN SMITH, Chief Justice. The right of A. F. Betts and John Faulkner to serve as directors of Rich Mountain Electric Cooperative, Inc., was challenged by a proceeding in the nature of *quo warranto.* Cooperative intervened. It adopted the answer of Betts and Faulkner.

Correctness of the judgment appealed from must be tested by Act 342 of 1937. Pope's Digest, §§ 2315-2351.

The trial Court found that in promulgating Act 342 the State waived any right to regulate the corporation. A temporary order restraining the two directors from acting was dissolved and the cause dismissed.

Section 31 of Act 342 exempts the corporations from jurisdiction of the Department of Public Utilities, now Public Service Commission.

"Member" is defined as one of the incorporators of a rural electrification corporation and each person thereafter lawfully admitted to membership. (§ 2(3). Any three or more natural persons 21 years of age, residents of the State, may act as incorporators. (§ 5). "Rural area" is a territory not included within the boundaries of an incorporated city, town, or village, having a population of 2,500, "and includes both the farm and non-farm population thereof." (§ 2(8). All persons in rural areas intended to be served by such corporation, who are not receiving central station service, shall be eligible to membership, and no person other than the incorporators "shall be, become, or remain a member of the corporation unless such person shall use or agree to use electric energy; or, as the case may be, the facilities, supplies, equipment, and service furnished by the corporation." (§ 12). But (§ 18), the business of the corporation shall be managed by a board of directors, not less than three in number, "which shall exercise all the powers of the corporation except such as are conferred upon the members by this Act, by the articles of incorporation or by the by-laws of the corporation. The by-laws may prescribe qualifications for directors."

The by-laws in effect at the time Betts and Faulkner were elected provided that no person should be eligible

[1] By-laws adopted May 26, 1945, provided for annual meeting of members on May 26th of each year, "in such place in Mena . . . as shall be designated in the notice of the meeting". By amendment of May 25th, 1946, these meetings were directed to be held the third Saturday of each May, beginning with 1947. An amendment of November 2, 1946, provided that directors should be bona fide residents of Polk County, "or within any other County served by the Cooperative". Judgment in the case at bar was rendered October 26, 1946; hence the amendment of November 2 was not in effect at that time.

"to become or remain a director or hold any position of trust . . . who is not a member and *bona fide* resident of the area served or to be served by the Cooperative."[1]

Rich Mountain Cooperative embraces the greater part of Polk County, but excludes the City of Mena. Betts and Faulkner own rural lands served by Cooperative, but reside in Ward Three of Mena. They were among the original nine incorporators and served as directors until May 25, 1946.[2]

Assuming, without deciding, that the Attorney General had official authority to question appellees' status, and that Circuit Court was wrong in holding otherwise, we then deal with merits of the controversy and hold, that the two directors were not usurpers.

While a literal construction of the by-laws would, as appellant contends, exclude the two appellees, Act 342 is somewhat broader. It does not expressly or by necessary implication restrict eligibility of directors to *bona fide* residents of a particular part of the area served by Cooperative. It is true that Mena may not be served by the corporation; but the territorial district assigned to Cooperative by Public Service Commission's certificate of convenience and necessity surrounds Mena, leaving it an insular area to be served by another.

The Act is sufficiently comprehensive to permit directors to be selected from members who use electricity rurally. We think area, as used in the by-laws, should be construed to mean the territory immediately affected by Cooperative's enterprise, if the member is in fact a user of facilities provided by Cooperative. Certainly the Act, as distinguished from the by-laws, primarily contemplates that the member shall be interested in the undertaking, conveniently situated geographically, and a patron of the service. It is significant that by-laws authorize annual meetings to be held in Mena; yet it is argued that directors living in the City, are illegally serving.

[2] Cooperative was incorporated May 2, 1945.

It is true that Section 18 authorizes adoption of by-laws prescribing qualifications of directors; but it was not intended to confer upon members a legal right to impose limitations beyond scope of the Act.

It is immaterial that the lower Court failed to reach the conclusions expressed in this opinion. Upon the record before us we must find, as a matter of law, that the two appellees were qualified to serve as directors, and the mandate will so state.

Affirmed.